828 P.2d 182

Nick POLITO, Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Ithaca Industries, Respondent Employer,

Travelers Insurance Company, Respondent Carrier.

No. 2 CA–IC 91–0060.

Court of Appeals of Arizona, Division 2, Department A.

March 19, 1992.

Rabinovitz & Associates, P.C. by Lawrence J. Sandell, Tucson, for petitioner employee.

Anita R. Valainis, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Hossack & Hoskins by Kathleen L. Hoskins, Phoenix, for respondent carrier.

## OPINION

HOWARD, Judge.

This is a special action review of an award which, inter alia, found that A.R.S. § 23–1023(C) allowed the carrier future credit against medical benefits. Petitioner contends such credit violates the public policy of the State of Arizona, that allowing such credit against medical benefits is inequitable and that A.R.S. § 23–1023(C) is ambiguous. We disagree and affirm.

Petitioner injured his right ankle and foot on a conveyer belt on September 11, 1985, while working for Ithaca Industries (Ithaca). His industrial injury claim was accepted by Travelers Insurance Company (Travelers) and benefits were paid until the claim was closed on March 6, 1987, with a scheduled permanent impairment.

Petitioner also filed a third-party action against the company which manufactured the conveyer belt and the company which maintained it. This action was settled, with the approval of Travelers, for $23,012.62. Travelers and the petitioner agreed that the petitioner, his attorney and Travelers would each receive $7,685.37 from the recovery and Travelers further agreed to compromise the lien it was entitled to under A.R.S. § 23–1023(C) by reducing it to $7,685.37.[1]

On February 8, 1991, petitioner filed a Petition to Reopen based on new, additional or previously undiscovered disability, alleging that his ankle had gotten progressively worse. Travelers denied the Petition to Reopen and claimed a credit against future liability in the amount of its lien, $7,685.37. On May 21, 1991, the petitioner filed a new Petition to Reopen which was treated as a request for hearing. On June 20, 1991, the carrier accepted the Petition to Reopen, again taking credit against future liability in the amount of its lien.

Petitioner protested the notice and the only issue in dispute was whether medical benefits for allegedly needed surgery should be paid by Travelers notwithstanding the existence of the lien. The Administrative Law Judge (ALJ) found that A.R.S. § 23–1023(C) allowed Travelers a credit against medical benefits and dismissed the request for a hearing because Travelers had accepted petitioner's Petition to Reopen.

### I.

Sections 23–1023(A) and (C), A.R.S., provide in pertinent part as follows:

A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, may pursue his remedy against such other person.

\* \* \* \* \* \*

C. If he proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim shall have a lien *on the amount actually collectable* from such other person to the extent of such compensation and medical, surgical and hospital benefits paid. This lien shall not be subject to a collection fee. *The amount actually collectable shall be the total recovery* less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery. The insurance carrier or person shall contribute only the deficiency between the amount actually collected and the compensation and medical, surgical

---

1. We do not have the settlement agreement in the record and nothing in this opinion should be construed to prohibit the parties from agreeing that the carrier has no right to credit against future benefits.

and hospital benefits provided or estimated by the provisions of this chapter for such case....

(Emphasis added.)

Since the lien attaches to the entire third-party recovery (less expenses and attorney's fees) it attaches to any medical benefits included in the recovery.

The general purposes of this statutory lien are to require the third-party to pay what he would normally pay if there were no workers' compensation, to reimburse the carrier for its compensation expenditure, and to allow the compensation beneficiary to enjoy the excess of the damages over compensation. 2A Larson, Workmen's Compensation Law § 74.16(a) (1983).

Although A.R.S. § 23–1023 does not specifically mention reopening benefits, Division One of this court has held that the carrier can subject reopening benefits to the compensation insurer's credit from an A.R.S. § 23–1023 lien on proceeds from the employee's settlement of a claim. *Mannel v. Industrial Commission of Arizona*, 142 Ariz. 153, 688 P.2d 1045 (App.1984), *cert. denied*, 469 U.S. 1212, 105 S.Ct. 1183, 84 L.Ed.2d 331 (1985). We agree with the construction of the statute in *Mannel* since it furthers the purposes of the lien by reimbursing the carrier for its compensation expenditure. To hold otherwise would allow a double recovery.

## II.

Petitioner argues that allowing a credit against medical benefits on reopening is against public policy because it puts him in a position where he is not able to return to gainful employment because he cannot afford to pay for the surgery and without the surgery he cannot return to work, thus making him a public charge. Petitioner has cited no authority for this argument. We note that the same argument could be made with regard to giving credit against compensation benefits. If we agreed with petitioner, we would end up not allowing any credit against any reopening benefits, a result that is contrary to A.R.S. § 23–1023(C).

We also observe that in this case the carrier was entitled to more from the settlement than it took. It agreed to allow the petitioner to recover $7,685.37 by settling for less than surgical, medical or compensation benefits. Any resulting hardship or inconvenience was self-inflicted.

We also note that, contrary to petitioner's assertion, allowing the credit does not deprive him of his right to reopen. It merely gives the carrier credit against any reopening benefits to the extent of the settlement proceeds received by the employee.

## III.

Petitioner contends that A.R.S. § 23–1023(C) is ambiguous on its face when applied to the facts of this case because on the one hand the statute provides that compensation and medical, surgical and hospital benefits shall be paid and on the other hand it says the insurance carrier shall "... contribute only the deficiency between the amount actually collected and the compensation and medical, surgical and hospital benefits provided or estimated by the provisions of this chapter for such case." There is no ambiguity or conflict in the statute. The first part of A.R.S. § 23–1023(C) requires the carrier to pay any benefits while the employee is pursuing his third-party claim. When the employee does collect from a third party the employer only has to make up the difference between what the employee has recovered and the amount of compensation benefits for which the carrier is responsible.

Affirmed.

LIVERMORE, C.J., and LACAGNINA, P.J., concur.